IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | CRIMINAL NO. 1:15-CR-164 |
| v. | ) | |
| | ) | Sentencing Date: August 28, 2015 |
| ALI SHUKRI AMIN, | ) | |
| | ) | The Honorable Claude M. Hilton |
| Defendant. | ) | |

**MOTION FOR ONE LEVEL REDUCTION PURSUANT TO U.S.S.G § 3E1.1(b) AND POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by its attorneys, Dana J. Boente, the United States Attorney, Michael P. Ben'Ary, Assistant United States Attorney, and Caroline H. Friedman, Special Assistant United States Attorney, and in accord with the United States Sentencing Commission, *Guidelines Manual*, § 6A1.2 and the policy of this Court, files its position on the sentencing of the defendant, Ali Amin. The United States hereby moves for a one-level reduction of the defendant's Sentencing Guidelines level pursuant to U.S.S.G § 3E1.1(b) in recognition of the defendant's timely guilty plea. Based on the harm that the defendant has caused to this community, the scope of his conduct, and the danger he will continue to pose to society, a sentence of 15 years is appropriate, and the United States recommends that the Court impose such a sentence.

I. **ARGUMENT**

The defendant engaged in wide-ranging conduct designed to provide advice, support, and personnel to ISIL, a designated terrorist organization. The defendant's conduct went well beyond using the internet to provide support to ISIL through the @AmreekiWitness social media accounts, which he used to facilitate travel to Syria for individuals from other countries. The defendant

radicalized other individuals in this district, including 18-year-old Reza Niknejad, and personally facilitated Niknejad's travel to Syria to join ISIL. The defendant's conduct has had an impact on worldwide security, the United States' security, and the lives of Reza Niknejad and his family. Under a best case scenario, Niknejad will return to the United States to be prosecuted and incarcerated for his activities. It is far more likely, unfortunately, that he will accomplish the goal that this defendant set out for him; martyrdom in the name of ISIL.

### A. Sentencing Guidelines

The Sentencing Guidelines recommend a sentence of 15 years in prison. There are no disputed Sentencing Guidelines issues.

### B. Statutory Sentencing Factors

Title 18, United States Code, Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Analysis of the sentencing factors in this case supports the imposition of a 15-year sentence, followed by a lifetime term of supervised release.

#### 1. Nature and Circumstances of the Offense

The defendant's offense is notable both for its scope, reaching untold numbers of people worldwide, and for its acute impact on Reza Niknejad and his family. On the one hand, it is hard to measure the impact on worldwide security the defendant has had through the use of the @AmreekiWitness online moniker. The only thing that is certain is that he was a prolific source

for support, sophisticated advice, and facilitation to would-be ISIL members all over the world. On the other hand, it is hard to ignore the impact that the defendant's conduct has had on Reza Nikejad and his parents. This defendant radicalized Niknejad and set him on the path to violent jihad. This defendant connected Niknejad with other individuals traveling to Syria to join ISIL. This defendant secured a ride to the airport for Niknejad, provided a thumb drive with a letter and pictures to Niknejad's family on his behalf, and tried to hide Nikenejad's plan to join ISIL by giving a concocted story to investigators looking for Niknejad. There is no question that Niknejad is an adult, who made his own decisions. But there is also no question that this defendant was the single, driving force behind Niknejad's radicalization and desire to fight and die for ISIL.

The defendant's conduct online and in person was well-considered, sophisticated, and calculated to provide support to ISIL, a group that the defendant well knew was engaged in atrocious violence and terror. These actions were meant to produce results – namely, the provision of soldiers to engage in violent jihad with ISIL. This conduct must be met with a stiff penalty because of its scope and the harm that the defendant caused, both to the immeasurable number of individuals whose stories will never be known, and to Reza Niknejad and his family, for whom this defendant has already written an unhappy ending.

2. **History and Characteristics of the Defendant**

The defendant is one month shy of his 18th birthday. He has no prior criminal history, and has demonstrated great intellectual capacity. While the lack of a prior criminal history is a clear mitigating factor, his young age is neutral. The activities in which he engaged do not require youth. They require a persuasive personality, intellectual ability, and a radical mind. Under any scenario, the defendant will be a young man when he is released from confinement. The Court

needs to consider whether, at the end of any sentence imposed, the defendant will continue to pose a danger to the community. Unless the defendant sees that providing support to terrorists is not only criminal, but wrong, the defendant will continue to pose a great risk to society for decades to come.

### 3. Promoting Respect for the Law and Deterrence

In terms of specific deterrence, a lengthy sentence will make it impossible for the defendant to continue his criminal conduct for the term of his incarceration. In terms of general deterrence, a sentence of 15 years will send an unmistakable message: those that support and encourage terrorists, whether they attempt to remain anonymous or not, will be met with crushing sentences. Additionally, such a sentence would be consistent with other sentences imposed in cases of this nature. In United States v. Chesser, 1:10-cr-395, the Honorable Liam O'Grady imposed a total sentence of 25 years in prison for communicating threats, soliciting acts of violence, and material support charges. Chesser, who operated a blog, a website and a Youtube channel that supported jihad, and attempted to travel to Somalia to support al-Shabaab, was 20 years old at the time of his sentencing in February 2010. In United States v. Morton, 1:11-cr-519, Judge O'Grady sentenced the defendant to a total of 138 months for conspiracy, communicating threats, and using the internet to place another in fear of death. Morton ran a radical website and authorized the posting of bomb-making instructions and death threats against those he believed defamed or insulted Islam or the Prophet Muhammad. Morton did not attempt to travel, nor did he facilitate the travel of others, to join a foreign terrorist organization. In light of those cases, a sentence of 15 years in this case would not create an unwarranted sentencing disparity.

## II. CONCLUSION

The defendant's conduct was wide-reaching in scope, and has had a significant detrimental

effect on our national security and on the lives of the Niknejad family. Since a sentence of 15 years in prison meets the goals of sentencing set forth in 18 U.S.C. § 3553, the United States respectfully recommends such a sentence.

Respectfully submitted,

Dana J. Boente
United States Attorney

_____/s/_____
Michael P. Ben'Ary
Assistant United States Attorney
Caroline H. Friedman
Special Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: 703-299-3700
michael.ben'ary2@usdoj.gov

CERTIFICATE OF SERVICE

       I hereby certify that on this 21st day of August, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Joseph T. Flood, Esq.
John Zwerling, Esq.

I certify that I will cause a copy to be delivered to:

Carla G. Coopwood
Senior United States Probation Officer
10500 Battleview Parkway, Suite 100
Manassas, Virginia
Carla_Coopwood@vaep.uscourts.gov

                                      /s/
                                    Michael P. Ben'Ary
                                    Assistant United States Attorney
                                    United States Attorney's Office
                                    Justin W. Williams U.S. Attorney's Building
                                    2100 Jamieson Avenue
                                    Alexandria, Virginia 22314
                                    Telephone:   703-299-3700
                                    michael.ben'ary2@usdoj.gov