IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 1:15-CR-164 |
| | ) | |
| ALI SHUKRI AMIN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENT AND REPLY IN AID OF SENTENCING**

COMES NOW the Defendant, Ali Shukri Amin, by counsel, and in accordance with 18 U.S.C. § 3553(a) and § 6A1.2 of the United States Sentencing Guidelines ("U.S.S.G."), respectfully submits this supplement and reply in aid of sentencing to address a single argument raised the United States in its Motion for One Level Reduction Pursuant to U.S.S.G. § 3E1.1(b) and Position of the United States with Respect to Sentencing (Doc. 15).

The United States asserts a 180 month sentence for Mr. Amin "would be consistent with other sentences imposed in cases of this nature," and then proceeds to justify this proposed sentence relying on only two cases: *United States v. Chesser*, 1:10-cr-395, and *United States v. Morton*, 1:11-cr-519. *Id.* at 4. These cases are inapposite, readily distinguishable, and, if anything, support the sentence Mr. Amin has requested.

*United States v. Zachary Adam Chesser*, 1:10-cr-395

*Chesser* involved an adult male who solicited the murder of three specific Americans who he "marked for death" through his pro-jihadist terrorist website because he believed they had insulted his religion, and he made this solicitation knowing that his

audience was willing and capable of attacking the victims. *United States v. Chesser*, 1:10-cr-395 (Doc. 46, at 7-8). Chesser also posted information about the manufacture and use of explosives and weapons of mass destruction with the intent that it would be used by his adherents against civilians, law enforcement authorities, and military targets in the United States and overseas. Further, Chesser solicited people to assist him in domestic terrorism by leaving suspicious packages in public venues to desensitize law enforcement to the threat, and did so to interfere with efforts to detect legitimate threats. (*Id.* at 7.) "As he explained to an audience that he believed was interested in killing his fellow citizens, those real explosives could then explode upon being discovered by a law enforcement officer, with the result '[b]oom! No more kuffar.'" (*Id.*) Finally, Chesser attempted to travel to Somalia[1] to join a terrorist organization and did so with his infant son who he intended to use as "cover" to hide his true intentions. (*Id.* at 6.) As this United States' Attorney's Office noted, this was "not an isolated or uncharacteristic act" as "it was undertaken as part of a consistent and longstanding" effort to induce others to support terrorist organizations and to raise children to do so. (*Id.*)

For this protracted course of criminal conduct Chesser pleaded guilty to three crimes (1) communicating threats, in violation of 18 U.S.C. § 875(c), (2) soliciting others to commit a felony – to wit, murder – in violation of 18 U.S.C. § 373, and (3) attempting to provide material support to a terrorist organization in violation of 18 U.S.C. § 2339B. *United States v. Chesser*, 1:10-cr-395 (Doc. 31, at 1). The maximum sentence allowable by law for Chesser was 360 months to life, and the parties stipulated the defendant

---

[1] According the affidavit of Mary Brandt Kinder, Special Agent for the FBI, Chesser made two separate, unsuccessful efforts to travel to Somali to join the known terrorist organization known as Al-Shabaab, and repeatedly corroborated his intention to join the fight in Somalia. *United States v. Chesser*, 1:10-cr-395 (Doc. 2, at 5-10).

prohibited from requesting less than 240 months. (*Id.* at 6.) At sentencing, the trial court imposed a sentence of 300 months, a sentence that was effectively a 50% downward variance in the sentencing range agreed by the parties.

*Chesser* is easily distinguished because the defendant was an adult convicted of three serious crimes who faced a maximum sentence more than twice the sentence allowable for Mr. Amin. Similarly, in contrast to Mr. Amin, who never made a threat against a specific individual, much less solicit murders of three people or disseminate information for building a weapon of mass destruction, Chesser attempted to foment domestic terrorism through these very concrete actions, and twice sought to join a terrorist organization abroad, risking his infant son's life in the process. *Chesser* is entirely dissimilar to Mr. Amin's case, and using it as a point of comparison would distort the purpose of § 3553(a)(6), and lead to an unwarranted sentencing disparity.

*United States v. Jesse Curtis Morton*, 1:12-cr-35

Chesser's co-conspirator and codefendant, Jesse Curtis Morton, was a 33 year old man who faced fifteen years imprisonment after pleading guilty to three crimes: conspiracy, in violation of 18 U.S.C. § 371; communicating threats, in violation of 18 U.S.C. § 875(c); and using the internet to place another person in fear, in violation of 18 U.S.C. § 2261. Morton "operated Revolution Muslim to radicalize those who saw and heard his materials online and to incite them to engage in violence against those they believed to be enemies of Islam." Federal Bureau of Investigation, *Press Release: Leader of Revolution Muslim Pleads Guilty to Using Internet to Solicit Murder and Encourage Violent Extremism*, Feb. 9, 2012.[2]

---

[2] This press release is available online at: https://www.fbi.gov/washingtondc/press-releases/2012/leader-of-revolution-muslim-pleads-guilty-to-using-internet-to-solicit-murder-and-encourage-violent-extremism.

3

> According to a statement of facts filed with his plea agreement, Morton founded Revolution Muslim in December 2007 and created various online forums that contained postings and information supportive of violent extremism. Morton and his associates used the organization's websites to encourage Muslims to engage in violence against those they believed to be enemies of Islam and to support Osama bin Laden, Anwar Al-Awlaki, al Qaeda, the Taliban, and others espousing violence. They posted messages in support of the terrorist attacks on Sept. 11, 2001, the November 2009 killings at Ft. Hood and attacks and future threats against Jewish organizations, among others.
>
> Through his online forums, Morton conspired with Zachary Chesser, of Fairfax County, Va., and others to solicit the murder of an artist tied to the "Everybody Draw Mohammed Day" movement in May 2010, including posting online a magazine that included the artist in a hit list for violent extremists to take out and a message from Anwar Al-Awlaki that explicitly called for the artist's assassination. In justifying these actions, Morton posted online a speech of his asserting that "Islam's position is that those that insult the Prophet may be killed" and exhorting his listeners to fight the "disbelievers near you."
>
> In addition, Morton admitted through his statement of facts that he aided Chesser in taking repeated steps in April 2010 to encourage violent extremists to attack the writers of South Park for an episode that featured Muhammad in a bear suit, including highlighting their residence and urging online readers to "pay them a visit." Among the steps they took were posting on multiple occasions speeches by Anwar Al-Awlaki, which explained the Islamic justification for killing those who insult or defame Muhammad. Morton worked with Chesser to draft a message for the website regarding the South Park threats, including a quote from Osama bin Laden that "If there is no check in the freedom of your words, then let your hearts be open to the freedom of our actions." Morton and Chesser posted the final version of this statement on various extremist online forums, and Chesser told Morton that he expected the statement would "scare the kuffar." Kuffar is an Arabic term, referring to an unbeliever, or disbeliever, in Islam.

*Id.*

Although *Morton* is slightly more similar to the facts of Mr. Amin's case, it nonetheless has limited utility as a comparison case. Morton was an adult nearly twice Mr. Amin's age at the time of the offenses, had a significant prior criminal history (including

4

convictions for cocaine possession, theft), was convicted of multiple offenses, had none of the compelling life history factors present in Mr. Amin's case, and had been part of a conspiracy to solicit the murders of three prominent cartoonists for exercising their right to free speech. Even so, the Court reduced his ultimate sentence from the statutory maximum of 180 months to 138 months. If *Morton* is an appropriate comparison, as the United States contends, then the distinctions between the two defendants' backgrounds supports a significant downward variance for Mr. Amin, and a sentence far below the 138 months imposed on Morton.

## CONCLUSION

For all these reasons, and those stated in his Memorandum in Aid of Sentencing (Doc. 16), Mr. Amin respectfully requests that this Court impose a sentence of 75 months. Such a punishment is reasonable and just punishment because it is a sufficient punishment but not greater than necessary.

                                                  Respectfully submitted,
                                                  Ali Shukri Amin
                                                  By Counsel

_____/s/_____
Joseph T. Flood, VSB #71716
Sheldon, Flood & Haywood, PLC
10621 Jones Street, Suite 301-A
Fairfax, VA  22030
(703) 691-8410
(703) 257-0252 (fax)
jflood@sfhdefense.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 27th day of August, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Michael Ben'Ary
Caroline H. Friedman
Assistant United States Attorney
Justin W. Williams United States Attorney's Office 2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3700
caroline.h.friedman@usdoj.gov
Michael.ben'ary@usdog.gov

                                                                                                                   /s/
                                          Joseph T. Flood, VSB #71716
                                          Sheldon, Flood & Haywood, PLC
                                          10621 Jones Street, Suite 301-A
                                          Fairfax, VA  22030
                                          (703) 691-8410
                                          (703) 257-0252 (fax)
                                          jflood@sfhdefense.com