Prob 12A (10/16)
VAE (9/19)

**UNDER SEAL**

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Ali Amin                                         Docket No. 1:15CR00164-001

### Petition on Supervised Release

COMES NOW Frank Weaver, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Ali Amin, who was placed on supervision by the Honorable Claude M. Hilton, Senior United States District Judge sitting in the Court at Alexandria, Virginia, on the 28th day of August, 2015, who fixed the period of supervision at LIFE, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall provide the probation officer access to any requested financial information.

2. The defendant shall be subject to any screening or monitoring of internet use, as directed by the probation officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**It is hereby ORDERED** that the petition, with its attachment and arrest warrant be sealed. **It is further ORDERED** the petition, its attachment and arrest warrant shall remain sealed until the warrant is executed, at which time the petition, its attachment and warrant, should be unsealed and made part of the public record.

**ORDER OF COURT**

Considered and ordered this 9th day of Jan., 20 23 and ordered filed and made a part of the records in the above case.

_Claude M. Hilton_
Claude M. Hilton
Senior United States District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:

Frank Weaver
Digitally signed by Frank Weaver
Date: 2023.01.03 12:33:16 -05'00'

Frank Weaver
Senior U.S. Probation Officer
(703) 366-2118
Place Alexandria, Virginia

**TO CLERK'S OFFICE**

**Petition on Supervised Release**
Page 2
RE: Amin, Ali

OFFENSE: Conspiracy to Provide Material Support and Resources to a Designated Foreign Terrorist Organization in violation of Title 18, U.S.C. § 2339B.

SENTENCE: The defendant was sentenced to 136 months incarceration followed by a lifetime period of supervised release under the aforementioned special conditions. The defendant was further ordered to pay a $100.00 special assessment.

ADJUSTMENT TO SUPERVISION: The defendant was released from the custody of the Bureau of Prisons on May 4, 2020, and his term of supervised release commenced on that date. Since the inception of supervision Mr. Amin has lived in Prince William County, Virginia and currently rents an apartment in Dumfries, Virginia. The defendant is a student but also works on a part-time basis for Elastech in their information technology department. The defendant has enrolled in the computer monitoring program (RemoteCOM) as directed by probation and his $100.00 special assessment is paid in full.

On July 24, 2020, the undersigned appeared before the Court for a status hearing with respect to the Probation Office's request to add the following special conditions to the defendant's term of supervised release.

Computer/Internet Restrictions/Monitoring: You shall not possess or use a computer or have access to any online service without the approval of the U.S. Probation and Pretrial Services Office. Your cooperation shall include, but not be limited to, allowing installation of a computer and internet monitoring program and/or identifying computer system, internet-capable devices, and similar memory and electronic devices to which you have access. Monitoring may include random examinations of computer systems along with internet, electronic, and media storage devices under your control. The computer system or devices may be removed for a more thorough examination, if necessary. You shall contribute to the cost of such monitoring services, based on your ability to pay, as deemed appropriate by the U.S. Probation Office.

You shall not access Internet Relay Chats or newsgroups or participate in any online social environment (i.e. Facebook, Twitter, Second Life, Linkedin, Craigslist, FaceTime, WhatsApp, Instagram, video/audio, etc.) or texting applications, which allow the user interaction unless pre-approved and authorized by the probation officer and the Court.

Online Communications Restrictions: Your written online communications, if any, shall be conducted in the English language, unless you receive the approval of the supervising probation officer and/or the Court.

During the term of supervision, the defendant shall not possess or utilize any video gaming system, console, or other such device which would enable contact and/or the sharing of data with other individuals known or unknown to the defendant, unless approved by the Probation Office.

No Extremist/Terroristic Materials: You shall not possess, view, access, or otherwise use material that reflects extremist or terroristic views or is deemed to be inappropriate by the U.S. Probation Office.

No Communication with Known Extremist: You shall have no contact with any known Extremists or anyone suspected in any known Extremist activity.

Petition on Supervised Release
Page 3
RE: Amin, Ali

On that date, the Court agreed that these conditions were warranted to effectively monitor the defendant's compliance with the terms and conditions of his supervised release and instructed the Probation Office to enforce same. However, these conditions were not added to the defendant's conditions of supervised release and the Court directed the Probation Office to instruct the defendant verbally to comply with the conditions requested by the Probation Office. Based on same, on July 24, 2020, the undersigned met with Mr. Amin in the Probation Office. At that time, this officer advised Mr. Amin was to comply with the directives of the Probation Office as set forth in the aforementioned special conditions. This officer read the conditions to the defendant at which time he indicated he understood the added conditions.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**CONDITION 3:** **FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER – CONTACT WITH KNOWN EXTREMISTS.**

**CONDITION 9:** **ASSOCIATION WITH A PERSON CONVICTED OF A FELONY WITHOUT THE PERMISSION OF THE PROBATION OFFICER.**

On December 5, 2019, the undersigned reviewed the conditions of supervised release to include the condition to refrain from any contact with any known or convicted felons. Further, on July 24, 2020, the undersigned instructed the defendant to refrain from having any contact with any known extremists or anyone suspected in any known extremist activity.

On August 20, 2021, October 1, 2021, and October 29, 2021, Mr. Amin was photographed by the Federal Bureau of Investigation (FBI) having several conversations with John Walker Lindh, an individual convicted of Supplying Services to the Taliban in violation of Title 50, U.S.C. § 1705(b), Title 18, U.S.C. § 2 and 31 C.F.R. § 545.204 and 545.206(a); and Carrying an Explosive During the Commission of a Felony Which May Be Prosecuted in the United States in violation of Title 18, U.S.C. § 844(h)(2). Mr. Lindh appeared before the Honorable T.S. Ellis, III, Senior United States District Judge for the Eastern District of Virginia for sentencing on the aforementioned criminal charges on October 4, 2002. Throughout the majority of his term of supervised release Mr. Lindh was supervised by the undersigned and subject to the same special conditions of supervised release as Mr. Amin. Mr. Lindh was released from supervision effective May 22, 2022 but remains a known extremist and is believed by the FBI to hold extremist ideations.

The evidence for this violation was presented to the Probation Office on October 20, 2022, by the Special Agent Grant Davidson of the FBI. The information provided indicated Mr. Amin and Mr. Lindh met for approximately 3 hours on the aforementioned dates, and pictures verifying this contact were provided to the Probation Office.

Further, as a result of an investigation conducted by United Kingdom (UK) law enforcement officers in February 2022, an individual identified as Person-1 was arrested by UK authorities. Person-1 is a known extremist and when a search of the individual's electronic devices was conducted, it was learned Person-1 has had frequent correspondence with Mr. Amin between the months of January 2021 until his arrest in February 2022.

**Petition on Supervised Release**
Page 4
**RE: Amin, Ali**

| | |
|---|---|
| **CONDITION 3:** | **FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER – USE OF UNMONITORED DEVICE.** |

On September 19, 2022, and October 20, 2022, the undersigned met with the FBI and was advised based on the correspondence reviewed by the FBI between Mr. Amin and Person-1, it is believed Mr. Amin is utilizing a Linux operating system (OS), which cannot be monitored by RemoteCOM, to correspond with known extremist and discuss extremist views. Specifically, the FBI provided information showing on January 4, 2022, Mr. Amin and Person-1 had correspondence in which the defendant indicated he was utilizing a Linux OS by stating "I'm on Linux."

The Linux OS is not able to be monitored by RemoteCOM and was never approved by the probation officer. At the time of this writing, the FBI is seeking an active search warrant to retrieve the unmonitored device and review it for forensic analysis to determine if evidence of criminal conduct is present.

This officer was advised Mr. Amin has undergone efforts to conceal his ongoing online communications by utilizing various methods like using the Linux OS, deleting chat messages and using a Virtual Private Network (VPN).

| | |
|---|---|
| **CONDITION 3:** | **FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER – POSSESSING, VIEWING, ACCESSING, MATERIAL THAT REFLECTS EXTREMIST OR TERRORISTIC VIEWS.** |

Evidence for this violation was presented to the supervising probation officer on October 20, 2022 by the FBI. Information provided showed that during his correspondence with Person-1 and other individuals, Mr. Amin reviewed, interpreted and provided guidance on the teachings of Amad Musa Jabril and Abula Al-Azzam. These individuals are known by the FBI to have extremist teachings and profess terroristic activities. Specifically, Mr. Amin was shown to have discussed the teachings of Al-Azzam on February 22, 2022, in which he translated and provided guidance on the teachings stating, "Allah commands us to gather and produce weapons."


FJW/