IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:15-CR-164 |
| v. | ) | |
| | ) | The Honorable Claude M. Hilton |
| ALI SHUKRI AMIN, | ) | |
| | ) | Hearing Date: February 13, 2023 |
| *Defendant*. | ) | |

**United States' Motion For a Partial Continuance of**
**<u>Defendant's Hearing on Supervised Release Violations</u>**

On February 13, 2023, the defendant, Ali Shukri Amin, is scheduled to appear before the Court for a revocation hearing on a petition alleging that he has violated the conditions of his supervised release. As outlined in the government's position paper, Amin violated the conditions of his supervised release by (1) associating with a convicted felon, John Walker Lindh without the permission of the probation officer, in violation of Standard Condition 9, and (2) using an unmonitored device, a Linux Operating System (Linux OS), in violation of Standard Condition 3.[1] In advance of the revocation hearing, the government submits that the Court should address the first violation (association with a known felon) and continue the hearing with respect to the second violation (using an unmonitored device). In support thereof, the government states the following:

1. On January 11, 2023, the FBI conducted a judicially authorized search of Amin's apartment. The FBI's review of evidence obtained during that search is ongoing. However, the

---

[1] As described in the petition, Amin also failed to follow the instructions of his probation officer by having contact with known extremists and by possessing, viewing, and accessing material that reflects extremist or terrorist views. The government maintains that the Court should consider that conduct under 18 U.S.C. § 3553(a) rather than as a violation of supervised release.

1

electronic evidence recovered to date demonstrates that the parties and the Court likely do not have a complete picture of Amin's conduct related to his use of the unmonitored device.

2. Specifically, the FBI recovered and gained access to a computer with a Linux OS. While reviewing the Linux OS, the FBI has also discovered evidence that the Linux OS has been used to connect to a number of "virtual machines." A virtual machine is an application that emulates a digital version of a computer and allows users to run programs and operating systems, store data, connect to networks, and do other computing functions. The FBI has not yet been able to complete its review of the data that is stored on these virtual machines. But the evidence from the FBI's initial review—as well as "screen shots," which are pictures of the computer screen found on the Linux OS—appear to show that Amin was using the Linux OS and virtual machines to communicate with other persons known and unknown on encrypted messaging applications, to research violent jihad on an anonymized internet browsing site, and to view articles regarding martyrdom.

3. The Court should wait to consider the violation involving the use of an unmonitored device until law enforcement has had an opportunity to review more of the evidence seized from the unmonitored device. The nature and circumstances of the violation is a significant factor for the Court to consider when determining the appropriate sanction. *See* 18 U.S.C. §§ 3583(e), 3553(a)(1). Evidence concerning Amin's use of the unmonitored device is directly relevant to that factor because it could shed further light on how and why Amin used the unmonitored device.

4. Other evidence that law enforcement seized from Amin's residence suggests that there is reason to believe that the computer could contain probative evidence. In addition to the computer with the Linux OS, law enforcement seized external hard drives from Amin's residence. Each hard drive contained more than a terabyte of data. Based on a preliminary review of the hard drives, the FBI has identified that at least one of the hard drives contained ISIS propaganda

magazines, as well as ISIS propaganda videos that depict ISIS members beheading prisoners and instructions to carry out lone wolf attacks. Further review of the computer with the Linux OS and virtual machines could provide further insight into Amin's possession of these materials (e.g., whether he used the unmonitored device to communicate with additional extremists or whether he sent the ISIS propaganda found on his hard drive to others in an effort to radicalize them).

5. Further, there is a substantial amount of data on the Linux OS and virtual machines. To date, the FBI has discovered approximately 250,000 documents, 8,000 multimedia files, and 85,000 emails on the Linux OS and approximately 135,000 documents and 40,000 graphics on the virtual machines. And FBI computer experts are still forensically examining the device to determine what data can be accessed and recovered. Given the voluminous amount of data involved and the technical expertise required to access it, the FBI requires additional time to finish its review.

6. In order for the Court and the parties to have a complete picture of Amin's conduct, the government needs additional time for law enforcement to review and analyze the unmonitored device found at Amin's apartment. As a result, the United States requests that: (1) the Court proceed with a hearing on February 13, 2023, regarding Amin's association with a convicted felon, John Walker Lindh; and (2) the Court continue the hearing regarding Amin's use of an unmonitored device and schedule a status conference regarding that violation in May 2023.

7. If the Court grants the government's motion and limits the February 13, 2023 hearing to Amin's contact with John Walker Lindh, the government will ask the Court to revoke Amin's supervised release and impose a term of imprisonment of 12 months for that violation, followed by a lifetime of supervised release under the same standard conditions and special conditions of supervised release that the Court originally imposed.

8.     The government has spoken with Amin's counsel, who informed the government that Amin opposes the government's motion.

Respectfully submitted,

Jessica Aber
United States Attorney


/s/ Gavin R. Tisdale
Gavin R. Tisdale
Thomas W. Traxler
Assistant United States Attorneys
United States Attorney's Office for the
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Office:  (703) 838-2625
Email:   gavin.tisdale@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on February 8, 2023, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

I further hereby certify that, on February 8, 2023, I sent a copy of the foregoing to the following Senior U.S. Probation Officer Frank Weaver via email.

*/s/ Gavin R. Tisdale*
Gavin R. Tisdale
Assistant United States Attorney
United States Attorney's Office for
the Eastern District of Virginia

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:15-CR-164 |
| v. ) | |
| ) | The Honorable Claude M. Hilton |
| ALI SHUKRI AMIN, ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

Upon consideration of the United States' Motion for a Partial Continuance of Defendant's Hearing on Supervised Release Violations, the Court hereby:

**GRANTS** the United States' Motion; and it is further

**ORDERED** that the hearing on supervised release regarding the defendant's use of an unmonitored device is **CONTINUED**; and it is further

**ORDERED** that the parties appear for a status conference regarding the defendant's use of an unmonitored device on May \_\_\_\_\_, 2023.

The Court will proceed with a hearing on February 13, 2023 at 10:00 AM concerning the defendant's association with a convicted felon.

**SO ORDERED**.

Date: February \_\_\_\_, 2023

_____
HON. CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE