IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:15-CR-164 |
| v. | ) | |
| | ) | The Honorable Claude M. Hilton |
| ALI SHUKRI AMIN, | ) | |
| | ) | Hearing Date: February 13, 2023 |
| Defendant. | ) | |

**Reply in Support of Motion for a Partial
<u>Continuance of Defendant's Hearing on Supervised Release Violations</u>**

The defendant, Ali Shukri Amin, has violated the conditions of his supervised release by associating with a known felon, John Walker Lindh, without the permission of the probation officer and by using an unmonitored device, a computer with a Linux operating system (Linux OS), to circumvent the software used by the Probation Office to monitor and screen his internet activity. In advance of the impending revocation hearing, the government has moved for the Court to address the first violation (Amin's association with Lindh) and to continue the hearing with respect to the second violation (Amin's use of the unmonitored device). Good cause exists for the partial continuance: in light of the volume of data and technical expertise necessary to access it, law enforcement needs more time to examine the unmonitored device, which is the most logical source of evidence for proving how and why Amin was circumventing his internet monitoring.

Amin's arguments in opposition to the partial continuance are unpersuasive. In emphasizing other investigative steps that law enforcement has taken, he ignores his own sophisticated attempts to conceal his conduct, such as communicating over encrypted chat platforms (e.g., Telegram and Signal), using the Linux OS to circumvent monitoring, deleting

1

chat messages, and using a Virtual Private Network to conceal his online activity. Law enforcement, moreover, only came into possession of his unmonitored device when it searched his residence a month ago. Forensically examining the device—a process that is ongoing—has taken considerable time in light of Amin's sophisticated technical measures. In short, law enforcement has not had sufficient time to complete its examination of the devices.

Also unconvincing is Amin's argument that, with additional time to examine the devices, the government will recover only "cumulative" extremist materials. The fact is that law enforcement is still at the beginning stages of examining the data on the device. The government highlighted a few examples that it has seen at this preliminary stage, but those examples could be just the tip of the iceberg. More time is needed to determine the scope and nature of relevant evidence on the device.

Importantly, the review of the unmonitored device could provide highly probative evidence of how and why Amin was using the Linux OS in violation of the conditions of his supervised release—issues that Amin has shown he intends to dispute at the revocation hearing. In his position paper, Amin does not challenge that he used a Linux OS. ECF No. 60 at 1. But he disputes that he used the Linux OS with knowledge or intent to circumvent his internet monitoring. *See id.* n.1. And it is plain that Amin intends to challenge the inferences to be drawn from his possession of extremist materials (e.g., ISIS propaganda and beheading videos). In light of Amin's position, it is particularly important that the government be allowed a sufficient opportunity to review the unmonitored device to ensure that it can provide the Court with a more fulsome picture of Amin's conduct in using the unmonitored device.

Finally, this is not a situation in which the government is asking for additional time to review a tertiary piece of evidence with the speculative hope that it will provide more

incriminating evidence. The unmonitored device is the focal point of the alleged violation. It is the most logical source of evidence for determining how and why Amin was using it—issues that the Court should consider in determining the appropriate sanction under the § 3553(a) factors. As indicated in the government's motion, a preliminary review of some of the data suggests that further examination is likely to prove fruitful. If Amin is going to dispute that he was using the unmonitored device for a wrongful purpose, the Court should allow additional time to examine the unmonitored device to see what evidence it contains on that issue.

For the foregoing reasons, the government requests that the Court grant its partial motion for a continuance.

Respectfully submitted,

Jessica D. Aber
United States Attorney

_____/s/_____
Gavin R. Tisdale
Thomas W. Traxler
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3746
Facsimile (703) 299-3980
Email: Thomas.traxler@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on February 9, 2023, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

I further hereby certify that, on February 9, 2023, I sent a copy of the foregoing to the following Senior U.S. Probation Officer Frank Weaver via email.

/s/
Thomas W. Traxler
Assistant United States Attorney